UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALESIA NORMAN,

    Plaintiff,                                             Case No. 4:06-cv-79

v                                                           Hon. Wendell A. Miles

UNKNOWN PARTIES,

    Defendants.

_____/

ORDER OF DISMISSAL

Plaintiff, appearing *pro se*, filed this action on July 7, 2006. She was subsequently granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, where a person is proceeding in forma pauperis, a district court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e )(2)(B)(i), (iii). In addition, district courts are required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter[.]" Fed.R.Civ.P. 12(h)(3).

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596 (1972). Therefore, the court must be mindful to construe plaintiff's pleading in this case liberally in her favor. However, all pleadings must contain "a short and plain statement of the grounds on which the court's jurisdiction depends" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A *pro se* complaint may be dismissed for

failure to state a claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Haines, 404 U.S. at 520-521, 92 S.Ct. at 596.

Plaintiff's pleading mentions "removal." However, no pending state court legal action is identified and no basis for removal is apparent from the face of plaintiff's pleading. Indeed, the pleading alleges no basis whatsoever for federal jurisdiction. The pleading identifies no defendant, and alleges no particular wrong under either federal or state law. Simply put, plaintiff's allegations are largely indecipherable and incomprehensible.

Although plaintiff has sought leave to amend her complaint (docket no. 8), her proposed amendment consists of little more than a series of apparently unrelated documents. Some of the documents appear to indicate that plaintiff has been sued in state court for non-payment of rent, and also that plaintiff herself has filed state court lawsuits. One document appears to be an uncompleted, unsigned U.S. Department of Justice Civil Rights Division complaint form. However, none of these documents cure the deficiencies of plaintiff's original pleading, insofar as they do not provide a basis for jurisdiction, identify a defendant, or allege a particular wrong. Amendment of the complaint is therefore denied as futile.

Because it appears that the court is devoid of jurisdiction and that plaintiff has made no cogent claim for relief against any identified party, the court hereby dismisses this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3).

Because this action is dismissed, plaintiff's motion for appointment of counsel (docket no. 6) is denied as moot.

So ordered this 24th day of August, 2006

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge